UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| STANNY VARGS,<br><br>                             Plaintiff,<br><br>    -v-<br><br>ANDREW M. PATRICK, Correctional Officer,<br>et al.,<br><br>                          Defendants. | No. 25-CV-10490 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, District Judge:

Plaintiff Stanny Vargas ("Vargas"), who appears pro se, is currently incarcerated in the Green Haven Correctional Facility. (*See* Compl. ¶ 2 (Dkt. No. 1).) He brings this Action against Correctional Officer Andrew M. Patrick ("Patrick"), Correctional Officer Knika S. Greene ("Greene"), Correctional Officer Vannesa K. Johnson ("Johnson"), Correctional Officer Ayala ("Ayala"), Correctional Officer Torres ("Torres"), and Sergeant Correctional Officer Bethann Bonanno ("Bonanno") (collectively "Defendants"), alleging violations of his federal constitutional rights under 42 U.S.C. § 1983 and state law claims. (*See generally* Compl.) By Order dated January 21, 2026, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[1] (*See* Order (Dkt. No. 6).) The Court now directs service on Defendants and directs their compliance with Local Civil Rule 33.2.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

DISCUSSION

A.  Service on Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the United States Marshals Service ("USMS") to effect service on Defendants.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is further instructed to issue summonses for Defendants and deliver to the USMS all the paperwork necessary for the USMS to affect service of the summonses and the complaint on Defendants.

If the summonses and the complaint are not served on Defendants within 90 days after the date that the summonses for Defendants are issued, Plaintiff must request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must also notify the Court in writing if his address changes.  Failure to do so may result in the dismissal of this Action.

B.  Local Civil Rule 33.2

Local Civil Rule 33.2, which requires particular defendants in certain types of prisoner

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date that the complaint is filed, Plaintiff is proceeding IFP and could not have effected service on Defendants until the Court reviewed the complaint and ordered that summonses be issued for them. The Court therefore extends the time to serve Defendants until 90 days after the date that summonses for them issue.

actions to respond to specific, court-ordered discovery requests, applies to this Action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of the date of service, Defendants must serve responses to those standard discovery requests.  In their responses, Defendants must quote each request verbatim.[3]

CONCLUSION

The Court respectfully directs the Clerk of Court to mail an information package and a copy of this Order to Plaintiff.

The Court also respectfully directs the Clerk of Court to: (1) issue summonses for Defendants, (2) complete USM-285 forms with the service addresses for Defendants, and (3) deliver all documents necessary to affect service of a summons and the Complaint on each Defendant to USMS.

The Court further directs Defendants to comply with Local Civil Rule 33.2 within 120 days of service.

SO ORDERED.

DATED:    March 30, 2026
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

---

[3] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.